UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 24-cv-23563-WILLIAMS/GOODMAN

LAZARO JIMENEZ,

    Plaintiff,

v.

CRUZ & CRUZ, INC. and
CLARIBEL CRUZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON**
**DEFENDANTS' PARTIAL MOTION TO DISMISS**[1]

In this Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, action, Defendants,

Cruz & Cruz, Inc. and Claribel Cruz (collectively, "Defendants") filed a Partial Motion to

---

[1]     Defendants also filed an Answer [ECF No. 4]. But it was a *partial* answer because it did not respond to all of the allegations in the Complaint [ECF No. 1]. *See* [ECF No. 4, p. 5 ("Concurrent with the filing of the instant Answer, Defendant [sic] filed a Motion to Dismiss Count III and, therefore, are not required to answer the allegations in Count III during the pendency of their Motion to Dismiss.")].

    Defendants' filing of a (partial) answer after moving to (partially) dismiss Plaintiff's Complaint did not moot the instant dismissal motion. *See Matter v. Clearlake Vill. Homeowner's Ass'n, Inc.*, No. 619CV777ORL31TBS, 2019 WL 2869060, at *2 (M.D. Fla. July 3, 2019) ("[A] partial answer does not moot a partial motion to dismiss when the two involve different counts of the same complaint. . . . . [T]he [c]ourt notes that permitting such a partial answer before a partial motion to dismiss is filed or while it is pending serves its goal of efficient litigation.").

Dismiss Plaintiff's Complaint. [ECF No. 3]. Plaintiff Lazaro Jimenez ("Plaintiff" or "Jimenez") did not respond to the instant motion and the time to do so has passed.

United States District Judge Kathleen M. Williams referred this motion to the Undersigned "[p]ursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida[.]" [ECF No. 6].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant** both **by default and on the merits** Defendants' Partial Motion to Dismiss Plaintiff's Complaint [ECF No. 3] and allow Plaintiff to file an amended complaint (if appropriate).

## I.    Applicable Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"[T]he standard 'simply calls for enough fact to raise a reasonable *expectation* that *discovery* will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*,

520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545) (emphasis supplied). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, "the court must accept all factual allegations in a complaint **as true** and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (emphasis added). But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth. *See Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir. 2011).

## II.  Analysis

Plaintiff's Complaint alleges unpaid overtime against Cruz & Cruz, Inc. (Count I) and Claribel Cruz (Count II) and retaliation against both Defendants (Count III), all in violation of the FLSA. [ECF No. 1].

Defendants note that "violations of [the FLSA] overtime provision are subject to a two-year statute of limitations period" and that "[t]he two-year statute of limitations may be extended to three years if a cause of action arises out of a willful violation of the FLSA." [ECF No. 3, p. 3 (citing 29 U.S.C. § 255(a))]. They argue that because Plaintiff's Complaint contains *no* factual allegations demonstrating "that Defendants **willfully** violated the FLSA and seeks damages for this violation without specifying how [many] years of unpaid overtime wages Jimenez seeks," his FLSA overtime claims should be dismissed "[t]o the extent Jimenez seeks recovery for unpaid overtime wages beyond the FLSA's statute of

limitations[.]" *Id.* (emphasis added).

Defendants further argue that Plaintiff's retaliation claim should be dismissed for failure to plead the elements of retaliation. "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: '(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.'" *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (quoting *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208–09 (10th Cir. 1997)).

Defendants assert that "Jimenez's Complaint fails to establish any of the elements of his retaliation claim" because: (1) "[t]he Complaint does not allege any facts establishing that he engaged in protected conduct" and "only alleges that '[t]he motivating factor that caused Plaintiff's adverse employment action . . . [were] Plaintiff's complaints regarding Defendant's failure to pay proper wages" but does not detail "to whom he made the complaint, or when this complaint allegedly occurred[;]" (2) "Jimenez simply alleges that he suffered an 'adverse employment action as described above' without explaining what that action was[;]" and (3) he fails to plead a causal connection between the protected activity and the adverse action because "[he] fails to allege when he engaged in protected activity or when he was subjected to the adverse employment action" and "[a]side from his conclusory allegation that his complaint was a 'motivating factor' for his unspecified 'adverse employment action,' [he] provides no allegations connecting the two." [ECF No. 3, pp. 4–5].

4

As noted above, Jimenez failed to respond to the instant motion. This failure alone is sufficient grounds to grant Defendants' motion by default. *See* S.D. Fla. Local Rule 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." (emphasis added)).[2] Accordingly, the Undersigned **respectfully recommends** that Judge Williams **grant by default** Defendants' partial motion to dismiss.

Judge Williams should also **grant** Defendants' partial motion to dismiss **on the merits**. Under the FLSA,

> [a]n employer acts willfully if it knows its conduct is prohibited or recklessly disregards whether its conduct is prohibited. *Morgans v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008). Even though a defendant's state of mind "may be alleged generally," Fed. R. Civ. P. 9(b), **a complaint must contain enough facts to plausibly imply that the defendant had the required state of mind**. A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

---

[2]   *See, e.g.*, *Jasmin v. Fla.*, No. 23-CV-21063, 2024 WL 665678, at *3 (S.D. Fla. Jan. 29, 2024), *report and recommendation adopted*, No. 23-21063-CIV, 2024 WL 664542 (S.D. Fla. Feb. 16, 2024) ("[T]he Court may properly grant the [m]otions to [d]ismiss by default because [the] [p]laintiff failed to file an opposition. Local Rule 7.1 provides that failure to file and serve an opposing memorandum of law 'may be deemed sufficient cause for granting the motion by default.'" (quoting S.D. Fla. L.R. 7.1(c)(1))); *Azaria v. Garland*, No. 22-20425-CIV, 2022 WL 3586425, at *1 (S.D. Fla. May 3, 2022) (granting by default the defendants' motion to dismiss based on the plaintiff's failure to file a response); *Patterson v. Stathas*, No. 06-14019-CIV, 2007 WL 7647004, at *8 (S.D. Fla. July 20, 2007) (same).

*Rovira v. Trattoria Romana, Inc.*, No. 23-CV-80916-AMC, 2024 WL 693063, at *4 (S.D. Fla. Jan. 26, 2024), *report and recommendation adopted*, No. 23-80916-CIV, 2024 WL 691560 (S.D. Fla. Feb. 20, 2024) (emphasis added).

In *Gurgel v. Boss Rain Forest Pet Resort, Inc.*, this Court rejected the plaintiff's argument that "she ha[d] sufficiently pled willfulness because she ha[d] alleged that [the] [d]efendants knowingly and willfully failed to pay overtime compensation for all hours worked over 40 each week." No. 16-62819-CIV, 2017 WL 7796318, at *3 (S.D. Fla. Feb. 10, 2017) (internal quotation marks omitted). The Court ruled that "dismissal without prejudice [was] required because of [the] [p]laintiff's failure to provide **any factual support** demonstrating that [the] [d]efendants' alleged failure to pay her overtime was willful." *Id.* (emphasis added).

Similarly here, Jimenez's Complaint contains only bare bones allegations of willfulness, with **no factual support** establishing that Defendants acted willfully. *See e.g.*, [ECF No. 1-2, ¶¶ 24 ("Defendant [sic] knew or should have known of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance of [sic] the FLSA."); 33 ("C[RUZ] & C[RUZ], INC. intentionally and willfully violated the FLSA, as cited herein."); 42 ("CLARIBEL CRUZ intentionally and willfully violated the FLSA as set forth above.").

These conclusory statements, unaccompanied by specific facts demonstrating a <u>willful</u> violation of the FLSA, are insufficient to survive a Rule 12(b)(6) motion to dismiss. Thus, Counts I and II should be dismissed to the extent that Plaintiff seeks to recover for a *willful* violation. Because Plaintiff has failed to plead a *willful* violation, his unpaid overtime

6

claims are subject to the two-year limitations period. Nonetheless, the Complaint adequately pleads non-willful violations of the FLSA.

Plaintiff's retaliation claim (Count III) is also deficient because it fails to plead sufficient facts to support an FLSA retaliation claim. Plaintiff alleges that:

> 47. Defendants' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.
>
> 48. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding Defendant's failure to pay proper wages.
>
> 49. Defendants' conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

[ECF No. 1-2, ¶¶ 47–49].

The Complaint asserts that Jimenez made "complaints regarding Defendant's failure to pay proper wages." *Id.* at ¶ 48. But it does not state when or to whom those complaints were made. "To fall within the scope of the [FLSA's] antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14, 131 S. Ct. 1325, 1335, 179 L. Ed. 2d 379 (2011). Plaintiff's Complaint does not sufficiently allege a protected activity.

Moreover, Plaintiff fails to plead an adverse action. "[A]dverse employment actions include 'tangible employment actions,' which are those actions 'that affect continued employment or pay—things like terminations, demotions, suspensions without pay, and

pay raises or cuts—as well as other things that are similarly significant standing alone.'" *Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1266 (11th Cir. 2021) (quoting *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020)). Here, there are no allegations in the Complaint identifying an adverse action.

Finally, "[t]o demonstrate causation, 'a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 509 F. App'x 906, 911 (11th Cir. 2013) (*Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)). Plaintiff's Complaint fails to adequately plead a protected activity and he does not identify the adverse action. Therefore, he has failed to also plead a causal link between the two events.

### III.  Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that Judge Williams **grant** both **by default** and **on the merits** Defendants' Partial Motion to Dismiss Plaintiff's Complaint [ECF No. 3] and allow Plaintiff to file an amended complaint (if appropriate).

### IV.  Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the

parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October 8, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record